1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   GORDON S. HOWELL, SR.,                    CASE NO. 11 CV 1864 MMA (JMA)

12                              Plaintiff,      **ORDER:**

13                                              **GRANTING MOTION TO**
                                                **PROCEED *IN FORMA PAUPERIS*;**
14            vs.
                                                [Doc. No. 2]
15
                                                **DENYING MOTION FOR**
16                                              **APPOINTMENT OF COUNSEL;**

17   CALAVERAS COUNTY DISTRICT                  [Doc. No. 3]
     ATTORNEY; et al.,
18                                              ***SUA SPONTE* DISMISSING**
                              Defendants.       **COMPLAINT UNDER 28 U.S.C. §**
19                                              **1915(e)(2)(B) FOR FAILURE TO**
                                                **STATE A CLAIM**
20

21          Plaintiff Gordon S. Howell, Sr., proceeding pro se, initiated this civil action against

22   Defendants "Calaveras County District Attorney and all Representatives" for alleged

23   constitutional violations regarding Defendants' efforts to "force" Plaintiff to register as a sex

24   offender in California.  [Doc. No. 1.]  Plaintiff contemporaneously filed a motion for leave to

25   proceed *in forma pauperis* ("IFP"), and a motion for appointment of counsel.  [Doc. Nos. 2, 3.]

26

27

28   / / /

# I.

## MOTION TO PROCEED IFP

A party instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).   "To proceed *in forma pauperis* is a privilege not a right."  *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

A party need not be completely destitute to proceed *in forma pauperis*.  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948).  But "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar."  *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984). Based on the information provided by Plaintiff in support of his IFP motion, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis*, but solely for the purpose of resolving the pending motions.

# II.

## SCREENING PURSUANT TO 28 U.S.C. § 1915(E)(2)(B)

When a plaintiff proceeds IFP, the complaint is subject to mandatory screening and the Court must order the *sua sponte* dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).  In addition, the Court has a duty to liberally construe a *pro se's* pleadings.  *Id.*  In giving liberal interpretation to a *pro se* complaint, however, the court may not "supply essential elements of claims that were not initially pled."  *Ivey*

1  *v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  For the

2  reasons set forth below, the Court concludes Plaintiff's complaint does not meet the federal

3  pleading rules and fails to state a claim upon which relief may be granted.

4      Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's

5  complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing

6  entitlement to relief.  Fed. R. Civ. P. 8(a)(2); *see also Paulsen v. CNF, Inc*., 559 F.3d 1061, 1071

7  (9th Cir. 2009).  A complaint should be dismissed for failure to state a claim if, taking all

8  well-pleaded factual allegations as true, it does not contain "enough facts to state a claim to relief

9  that is plausible on its face."  *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir.

10 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)).  "A claim has facial plausibility

11 when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

12 the defendant is liable for the misconduct alleged."  *Caviness v. Horizon Cmty. Learning Ctr., Inc*.,

13 590 F.3d 806, 812 (9th Cir. 2010) (citation omitted).

14     Additionally, under Federal Rule of Civil Procedure 10(b), a plaintiff should state "each

15 claim founded on a separate transaction or occurrence" as a "separate count."  Fed. R. Civ. P.

16 10(b).  Rule 10 provides that a "party must state its claims or defenses in numbered paragraphs,

17 each limited as far as practicable to a single set of circumstances."  *Id.*  Upon due consideration,

18 Plaintiff's complaint fails to satisfy the pleading standards of Rule 8(a)(2) and Rule 10(b), and is

19 therefore subject to dismissal.  Plaintiff's complaint consists of a single lengthy paragraph,

20 indicating that he desires a hearing regarding whether he must register as a sex offender for a

21 conviction that occurred over thirty years ago.  [Doc. No. 1.]  The document does not list the

22 parties, nor identify any purported causes of action or specific identifiable conduct by the

23 defendants.  Plaintiff's limited allegations do not satisfy Rules 8(a)(2) and 10(b).

24     In addition, Plaintiff's complaint is subject to dismissal under Rule 12(b)(6) because it fails

25 to state a claim upon which relief can be granted.  Plaintiff alleges only that his constitutional

26 rights have been violated because he was forced to register as a sex offender after he moved to

27 California, even though he was "discharged" in 1981 after completing his sentence.

28 / / /

1    Plaintiff attaches a letter dated January 11, 2011, from the Texas Department of Criminal

2  Justice which indicates Plaintiff served over two and one half years of a five-year sentence in

3  Harris County, Texas, for aggravated rape.  [Doc. No. 1, Exh. 1.]  The letter further states "[t]he

4  maximum expiration date for this offense was April 29, 1984.  [*Id*.]  However, even if the Court

5  considers this letter in reviewing the sufficiency of Plaintiff's complaint, Plaintiff still fails to state

6  a claim upon which relief can be granted.

7    Under California Penal Code sections 290 and 290.005 ("Sex Offender Registration Act"),

8  certain persons must register as sex offenders if they travel to or reside in California.  "The

9  requirement applies to any person 'convicted' of one of the enumerated sex crimes in this state or

10  an equivalent crime in another state."  *In re Watford*, 186 Cal. App. 4th 684, 690 (2010).  The Sex

11  Offender Registration Act "imposes on each person convicted a lifelong obligation to register.

12  Registration is mandatory."  *Id*.  Accordingly, a sex offender must "register based upon the fact of

13  conviction until such time as the predicate conviction may be invalidated."  *Id*. at 691.

14    Here, Plaintiff provides no detail regarding his underlying conviction, nor allegations that

15  indicate his predicate conviction has been invalidated.  First, it is not entirely clear whether

16  Plaintiff's "aggravated rape" charge in Texas qualifies him as a sex offender who must register in

17  California.  However, Plaintiff does not allege the conviction does *not* fall within the Sex Offender

18  Registration Act's purview, and therefore he is exempt from the registration requirement.  Instead,

19  Plaintiff argues he completed his sentence in 1981.  Second, it is likely Plaintiff's aggravated rape

20  conviction qualifies as an offense that requires him to register in California, thus, his assertion that

21  he served his sentence and was "discharged" is not sufficient to establish that the lifelong

22  registration obligation imposed by the Sex Offender Registration Act has been lifted.  *See In re*

23  *Parks*, 184 Cal. App. 3d 476, 480-81 (1986) (conviction for forcible rape triggered registration

24  requirement under the Sex Offender Registration Act.)  The mere passage of time after a

25  qualifying conviction does not relieve a sex offender from his or her duty to register.  *In re Parks*,

26  184 Cal. App. 3d 476, 480-81 (1986) (statute imposes a "lifelong obligation to register").

27    Plaintiff asserts Defendants "Calaveras County District Attorney and all Representatives"

28  have violated his right to due process by denying him a hearing on the issue of whether he is

required to register. Plaintiff also alleges Defendants' denial of a hearing subjects him to double jeopardy. However, Plaintiff provides no indication he is entitled to the relief he seeks. Plaintiff fails to allege any facts regarding how long he has been in California, where Plaintiff resides in California,[1] whether he has been charged with violating the Sex Offender Registration Act, any identifiable actions by Defendants, or which specific Defendants are liable for each alleged violation of Plaintiff's constitutional rights. As pled, Plaintiff's limited allegations do not provide Defendants notice of the claims against them, and are subject to dismissal for failure to state a claim upon which relief can be granted.[2]

If Plaintiff desires to proceed with this action, he must file an amended complaint that contains sufficient factual allegations against Defendants showing that Plaintiff is entitled to relief. At a minimum, Plaintiff must identify the causes of action alleged, supported by a short and plain statement of facts to support the elements of those claims, and identify which Defendants he contends violated each claim.

### III.

#### MOTION FOR APPOINTMENT OF COUNSEL

Also pending before the Court is Plaintiff's request for appointment of counsel under the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1). [Doc. No. 3.] Although the Court may utilize section 2000e to appoint an attorney in certain employment actions under "circumstances as the court may deem just," section 2000e appears to be of no use to Plaintiff here, as his complaint does not involve employment discrimination. *See* 42 U.S.C. § 2000e-5(f)(1). The Court therefore does not have authority under 42 U.S.C. §2000e-5(f)(1) to appoint Plaintiff counsel.

/ / /

---

[1] Plaintiff's mailing address is in Southern California, specifically San Diego, whereas Plaintiff is suing a District Attorney's Office in Northern California, specifically Calaveras County. The Sex Offender Registration Act requires the offender to register in the city or county where he or she resides. The existing complaint lacks a connection between Defendants in Northern California and Plaintiff's apparent residence in Southern California.

[2] To the extent Plaintiff's complaint requests immediate injunctive relief, the request is **DENIED** as moot because Plaintiff has not pled a viable cause of action that might entitle him to injunctive relief.

Additionally, in civil proceedings such as this one, there is no absolute right to counsel. *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted).  Federal courts do not have the authority to make coercive appointments of counsel.  *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989).  However, "[t]itle 28 U.S.C. § 1915(e)(1) permits the district court, in its discretion, to 'request an attorney to represent any person unable to afford counsel.'"  *Solis v. County of Los Angeles*, 514 F.3d 946, 958 (9th Cir. 2008) (quoting 28 U.S.C. § 1915(e)(1)); *see also Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).  Such discretion may be exercised upon a showing of exceptional circumstances.  *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989). "To show exceptional circumstances the litigant must demonstrate the likelihood of success and complexity of the legal issues involved."  *Burns*, 883 F.2d at 823 (citation omitted); *Hedges*, 32 F.3d at 1363; *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990).  Neither the likelihood of success nor the complexity of the case are dispositive; both must be considered.  *Terrell*, 935 F.2d at 1017; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Here, Plaintiff does not demonstrate any likelihood of success, as he fails to state a claim on which relief may be granted.  Additionally, as currently pled, the Court cannot determine whether the complaint raises complex legal issues because the allegations are too limited and incomplete.  Accordingly, for the reasons set forth herein, the Court **DENIES** Plaintiff's request for appointment of counsel.

## IV.

### CONCLUSION AND ORDER

For the reasons set forth above, the Court **ORDERS** as follows:

(i)      The Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2];

(ii)      The complaint is **DISMISSED** *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.  Plaintiff is granted **thirty (30) days** to file an amended complaint that addresses the deficiencies noted herein.  The amended complaint must be complete in itself without reference to the superseded pleading.  *See* S.D. Cal. Civ. L.R. 15.1.

/ / /

1    (iii)    The Court **DENIES** Plaintiff's Request for Appointment of Counsel [Doc. No. 3].

2        **IT IS SO ORDERED**.

3  DATED:  August 23, 2011

4                                        Hon. Michael M. Anello
5                                        United States District Judge

11cv1864